**UNITED STATES of America, Plaintiff,**

v.

**$70,000 UNITED STATES CURRENCY and One 1989 Chevrolet S–10 Blazer Truck, VIN 1GNCT18Z4KO182857, Defendants-in-rem.**

No. 91 Civ. 6369 (MEL).

United States District Court, S.D. New York.

Jan. 3, 1994.

Mary Jo White, U.S. Atty., New York City (Bart G. Van de Weghe, Asst. U.S. Atty., of counsel), for plaintiff.

Scott H. Greenfield, New York City, for claimants.

LASKER, District Judge.

In this forfeiture action involving a Chevy Blazer and $70,000 in currency, the claimant made an earlier motion to dismiss on the ground that the Government was collaterally estopped by a state court suppression ruling. That motion was denied. 826 F.Supp. 730 (S.D.N.Y.1993). At the same time, the Government cross moved for summary judgment on its forfeiture claims and its motion was granted as to the Chevy Blazer but was denied as to the currency. *Id.*

The $70,000 at issue here was found in a leather bag on the front seat of the Chevy Blazer and seized along with a cardboard box containing 10 pounds of marijuana found in the trunk of the Blazer. The facts surrounding the search and seizure are set out in 826

---

F.Supp. 730 (S.D.N.Y.1993). On the Government's earlier summary judgment motion, this Court concluded that the search and seizure was constitutional, stating: "the evidence produced in the investigation before February 1, 1991, was sufficient to give the agents probable cause to make the search and seizure of February 1, 1991 . . . ." *Id.* at 736.

Summary judgment on the Chevy Blazer was granted in favor of the Government because a clear connection between the car and the marijuana seized had been established. *Id.* at 735. Summary judgment was denied as to the currency presently at issue because a fact question remained as to whether the currency "consists of moneys traceable to drug transactions." *Id.*

The claimant now moves to suppress all evidence involving the seizure of the $70,000 in currency as having been obtained in violation of the Fourth Amendment. The claimant's further request for an order for the return of the currency is construed as a challenge to the Government's right to institute a forfeiture proceeding against the currency. Seizure and forfeiture are distinct events and both require the Government to establish probable cause. *United States v. Daccarett,* 6 F.3d 37, 46 (2d Cir.1993).

*Seizure*

■ Although the claimant has not previously moved to suppress, the issue whether the search and seizure was constitutional was necessarily decided in the Government's earlier motion for summary judgment. On the present motion, claimant has brought to light no new facts. His argument that the Government lacked probable cause to search the leather bag containing the currency is without merit. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982). In this case, the agents were looking for drugs, which could have been concealed in the leather bag. In sum, nothing presented on this motion warrants a change of the earlier finding that the search and seizure of both the Chevy Blazer and the currency comported with the Fourth Amendment.

*Forfeiture*

■ Relying on *United States v. $31,990,* 982 F.2d 851, 854 (2d Cir.1993) and *United States v. $228,536,* 895 F.2d 908, 916 (2d Cir.), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990)—the only decisions in this Circuit to phrase the Government's burden to establish a prima facie case for forfeiture in terms of "substantial connection" rather than a "nexus"—the claimant contends that the Government has not established probable cause to institute a proceeding for forfeiture of the currency because the Government has not demonstrated a "substantial connection" between the $70,000 and the marijuana seized.

In the recent case of *United States v. Daccarett,* 6 F.3d at 55–56, the Second Circuit observed that "the weight of the authority in the Second Circuit indicates that the government must demonstrate only a nexus between the seized property and illegal drug activity, not a substantial connection," to establish a prima facie case for forfeiture, and that the two cases relied on by the claimant "are the only Second Circuit cases to the contrary."

The *Daccarett* court described the Government's burden in the case of a forfeiture of money alleged to have originated in drug dealing as follows:

> To show that nexus when the *res* is a bank account, the government must establish that there is probable cause to believe the funds represent proceeds traceable to drug transactions; it is not required to link the monies to any one particular transaction. The government must establish "reasonable grounds," based on more than "mere suspicion," that the funds are subject to forfeiture. Curiously, this standard of proof can be less stringent than the typical "prima facie proof." A finding of probable cause may be based on hearsay, even hearsay from confidential informants, or circumstantial evidence, particularly in cases involving bank accounts, money, or other fungible assets. (Citations omitted.)

6 F.3d at 56.

While our earlier decision found that the bundling of the currency in small denomina-

tions and its proximity to 10 pounds of marijuana found in the Chevy Blazer were not enough to warrant a grant of summary judgment to the Government,[1] those facts and the information gleaned from the investigation leading up to the search and seizure do establish reasonable grounds to believe that the currency may be forfeitable. Put another way, the Government has shown the requisite nexus as a threshold to instituting a forfeiture proceeding. Accordingly, the claimant's motion is denied.

Because the government has established probable cause to initiate a forfeiture proceeding, at trial "the burden shifts to the claimant to demonstrate by a preponderance of the evidence" that the money is not "traceable to drug transactions, but rather represents legitimate funds." *Daccarett,* 6 F.3d at 57.

\* \* \*

The motion to suppress is denied. It is so ordered.

---

1. The earlier opinion stated that the proximity of the currency to drugs and the bundling of the cash were "not sufficient to meet the government's burden of establishing 'probable cause' for forfeiture." 826 F.Supp. at 736. Those facts were found to be insufficient to support the grant of summary judgment on the Government's forfeiture claim against the currency. No finding was made as to the Government's prima facie case for instituting the forfeiture proceeding.